UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-333-G |
| | ) |
| RAY ALLEN STANART and | ) |
| DWAYNE LEE STANART, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Now before the Court are Motions to Dismiss the Indictment (Doc. Nos. 33, 34) filed through counsel by Defendant Dwayne Lee Stanart and Defendant Ray Allen Stanart, respectively. The Government has filed a Response (Doc. No. 40).

*I. Background*

Title 18, § 922(g)(1) of the United States Code provides in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]

18 U.S.C. § 922(g)(1).

On August 20, 2024, the Grand Jury returned an Indictment (Doc. No. 1) charging Defendants in three counts with violations of 18 U.S.C. § 922(g)(1). In Count 1, both Defendants are alleged to have knowingly possessed a 20-gauge shotgun. *See id.* at 1. In Count 2, Defendant Dwayne Lee Stanart is alleged to have knowingly possessed a .22LR caliber revolver. *See id.* at 2. And in Count 3, Defendant Ray Allen Stanart is alleged to have knowingly possessed multiple rounds of 9mm caliber ammunition. *See id.*

As to the prior felony convictions, Defendant Dwayne Stanart represents that in 2015 he was convicted of the offenses of second-degree burglary and concealing stolen property in Oklahoma County District Court.  *See* Def. Dwayne Stanart's Mot. Ex. 1 (Doc. No. 33-1); *State v. Stanart*, No. CF-2012-6275 (Okla. Cnty. Dist. Ct.).  Defendant Ray Stanart represents that he has been convicted of the following felonies in Oklahoma state court: unlawful possession of methamphetamine; larceny of an automobile; possession of a stolen vehicle; concealing stolen property; and grand larceny.  *See* Def. Ray Stanart's Mot. Exs. 1-5 (Doc. Nos. 34-1, -2, -3, -4, -5); *State v. Stanart*, No. CF-2014-646 (Can. Cnty. Dist. Ct.); *State v. Stanart*, No. CF-2014-4969 (Okla. Cnty. Dist. Ct.); *State v. Stanart*, No. CF-2015-1147 (Okla. Cnty. Dist. Ct.); *State v. Stanart*, No. CF-2015-7159 (Okla. Cnty. Dist. Ct.); *State v. Stanart*, No. CF-2015-286 (Clev. Cnty. Dist. Ct.).

## II. Defendants' Motions to Dismiss the Indictment

Defendants now seek dismissal of the Indictment, arguing that § 922(g)(1), as applied to them, violates their rights under the Second Amendment of the Constitution pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).[1]

### A. Defendants' Motions Are Properly Before the Court

"Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to challenge an indictment before trial where a 'trial of the facts surrounding the commission

---

[1] "An as-applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case." *United States v. Carel*, 668 F.3d 1211, 1217 (10th Cir. 2011) (alteration, emphasis, and internal quotation marks omitted).

of the alleged offense would be of no assistance in determining the validity of the defense.'" *United States v. Kays*, 624 F. Supp. 3d 1262, 1264 (W.D. Okla. 2022) (quoting *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010)); *see also* Fed. R. Crim. P. 12(b)(1). Where, as here, a defendant challenges the indictment for "failure to state an offense," the Court "generally is bound by the factual allegations contained within the four corners of the indictment." Fed. R. Crim. P. 12(b)(3)(B)(v); *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003), *overruled on other grounds as recognized in United States v. McBride*, 94 F.4th 1036, 1043 n.9 (10th Cir. 2024).

The Government objects that Defendants' as-applied challenge "is premature" because "the Tenth Circuit has identified" such challenges "as depending on the resolution of disputed facts bearing on the question of guilt or innocence." Gov't's Resp. at 3-4 (alteration and internal quotation marks omitted) (citing *Pope*, 613 F.3d at 1262). In *Pope*, however, the Tenth Circuit Court of Appeals did not categorically make such an identification; rather, the Court held that "[u]nder [the] circumstances" of that case, the defendant's as-applied challenge could not properly be decided before trial. *Pope*, 613 F.3d at 1257. Those circumstances included the defendant's reliance upon material facts that were "outside the indictment, hotly disputed by the government, and intimately bound up in the question of [the defendant's] guilt or innocence." *Id.*

Here, the only extra-indictment facts presented are the details of Defendants' prior felony convictions—none of which is disputed by the Government and all of which are subject to judicial notice in any event. The Tenth Circuit has expressly recognized that "an exception to the general rule against resort to facts outside the indictment exists when the

3

motion is based on agreed facts, the government offers no objection to the consideration of those facts, and the motion is capable of resolution as a matter of law." *Id.* at 1258; *accord Welch*, 327 F.3d at 1090 n.11.  As the Government has not identified any factual determination that must wait until trial to resolve Defendants' Motions, denial on this basis is not warranted.

### B. Discussion

#### 1. The Relevant Governing Authorities

The Second Amendment prescribes: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  Defendants argue that § 922(g)(1) unlawfully burdens their Second Amendment right to keep and bear arms.  Because recent decisions of the Supreme Court and, subordinately, the Tenth Circuit control this Court's analysis of that argument, the Court begins with a brief chronology of the relevant recent authority.

In striking down a state handgun regulation in the 2008 decision of *District of Columbia v. Heller*, the Supreme Court stated: "[N]othing in our opinion should be taken to case doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill."  *Heller*, 554 U.S. 570, 626 (2008); *see also id.* at 627 n.26 (identifying such prohibitions as "presumptively lawful regulatory measures").[2]  The Tenth Circuit then, in the 2009 published opinion deciding *United States v. McCane*, cited the quoted language

---

[2] While lower courts have since disagreed on whether this statement should be considered dictum, the Supreme Court also "repeat[ed] th[is] assurance[]" in its 2010 decision *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality op.).

4

from *Heller* as the basis for rejecting a defendant's argument that § 922(g)(1) violates the Second Amendment.  *See McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

In 2022, the Supreme Court in *Bruen* announced a new "standard for applying the Second Amendment": "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Bruen*, 597 U.S. at 24.

The following year, the Tenth Circuit expressly considered the status of *McCane* post *Bruen* and held that the Supreme Court's new test had not overruled that Tenth Circuit precedent.  *See Vincent v. Garland* ("*Vincent I*"), 80 F.4th 1197, 1199, 1200-02 (10th Cir. 2023), *vacated and remanded* ("*Vincent II*"), 144 S. Ct. 2708 (2024) (mem.).  Specifically, the Tenth Circuit concluded that *Bruen* did not contradict, invalidate, or "indisputably and pellucidly abrogate" the holding of *McCane*.  *Id.* at 1200-02.  The appellate court explained that "the emergence of a new test doesn't necessarily invalidate our earlier precedent."  *Id.* at 1200.  Citing individual reiterations of the *Heller* endorsement of felon dispossession statutes and *Bruen*'s "apparent[] approv[al]" of background-check requirements, the Tenth Circuit stated that the language of *Bruen* "thus could support an inference that the Second Amendment doesn't entitle felons to possess firearms."  *Id.* at 1201-02.  Reasoning that "*McCane* squarely upheld the constitutionality of the [§ 922(g)(1)] ban on felons' possession of firearms" "for *any* convicted felon[]," the Tenth Circuit affirmed the district court's dismissal of the criminal defendant's as-applied challenge to the constitutionality of § 922(g)(1).  *Id.* at 1202 ("Under *McCane*, we have no basis to draw constitutional

5

distinctions based on the type of felony involved.").

On June 21, 2024, the Supreme Court issued its decision in *Rahimi*, 602 U.S. 680. Applying *Heller* and *Bruen*, the Supreme Court upheld a prohibition on firearm possession found in a separate subsection of 18 U.S.C. § 922(g), concluding: "An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702. In so doing, the Court clarified the framework established in *Bruen* and also reiterated its view that "many such prohibitions" on "firearm possession in the home," such as "those on the possession of firearms by felons and the mentally ill, are presumptively lawful." *Id.* at 699 (internal quotation marks omitted); *see Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 113 (10th Cir. 2024).

Shortly thereafter, on July 2, 2024, the Supreme Court granted the petition for writ of certiorari that had been filed by the criminal defendant in *Vincent I*. *See Vincent II*, 144 S. Ct. at 2708-09. The Supreme Court vacated the Tenth Circuit's decision and remanded the case for further consideration in light of *Rahimi*. *See id.* On February 11, 2025, the Tenth Circuit issued its opinion following remand. *See Vincent v. Bondi* ("*Vincent III*"), No. 21-4121, __ F.4th __, 2025 WL 453999 (10th Cir. Feb. 11, 2025). The Tenth Circuit rejected the proposition that *Rahimi* abrogated the holding of *McCane*. *See id.* at *1; *accord United States v. Curry*, No. 23-1047, 2024 WL 3219693, at *4 & n.7 (10th Cir. June 28, 2024). Citing *Heller* and *McCane*, the appellate court explained: "*Rahimi* doesn't clearly abrogate the presumptive validity of § 922(g)(1)." *Vincent III*, 2025 WL 453999, at *2. The Tenth Circuit expressly reiterated: "*McCane* remains binding" and its holding

that § 922(g)(1) is valid "applies to nonviolent as well as to violent offenders." *Id.* ("*McCane* . . . upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies. Under *McCane*, the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders . . . .").

### 2. *Defendants' Challenge Is Foreclosed by Binding Circuit Precedent*

Defendants' Motions were submitted prior to the Tenth Circuit's decision in *Vincent III*. Without the benefit of that precedent, Defendants asked the Court to apply the framework identified in *Bruen* and clarified in *Rahimi* to find that § 922(g)(1)'s proscription is unconstitutional as to Defendants in light of their prior felony crimes allegedly involving only nonviolent conduct. *See* Def. Dwayne Stanart's Mot. at 3 (stating that Defendants' predicate felony convictions fail "to demonstrate a propensity to engage in violent criminal conduct such that the person would pose a real and significant danger to the public if armed"); *accord* Def. Ray Stanart's Mot. at 2.

Prior to the issuance of *Vincent III*, the parties disagreed as to whether *McCane*, *Vincent I*, or any other published decision of the Tenth Circuit foreclosed Defendants' argument. *See* Def. Dwayne Stanart's Mot. at 3, 14-15; Gov't's Resp. at 4-7.[3] Because

---

[3] As previously described, the Tenth Circuit upheld the constitutionality of § 922(g)(1) in *McCane* and acknowledged the continuing validity of that holding in *Vincent I*. Both *McCane* and *Vincent I* were published decisions of a panel of the Tenth Circuit, meaning that their holdings constituted "the law of this Circuit." *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022). Both this Court and other panels of the Tenth Circuit "are bound" by any such holding "unless and until" it is overruled by—i.e., "contradicted or invalidated" by—either the Supreme Court or the en banc appellate court. *Id.* (alteration and internal quotation marks omitted); *Vincent I*, 80 F.4th at 1200; *accord United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990). Prior to the issuance of *Vincent III*, Defendants argued that the Supreme Court's decision of *Rahimi* and remand of *Vincent I*

the Tenth Circuit in *Vincent III* confirmed that *McCane* remains binding authority, the Court is obligated to follow *McCane* and *Vincent III* and deny Defendants' request to dismiss the Indictment based upon the alleged unconstitutionality of § 922(g)(1). *See McCane*, 573 F.3d at 1047; *Vincent III*, 2025 WL 453999, at *1-2; *accord United States v. Talbot*, No. 23-8025, 2025 WL 485708, at *1 (10th Cir. Feb. 13, 2025) ("[T]he decision in *Vincent III* forecloses Talbot's facial and as-applied challenges to § 922(g).").

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss the Indictment (Doc. Nos. 33, 34) are DENIED.

IT IS SO ORDERED this 18th day of February, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

operated to strip *McCane* and *Vincent I* of their status as controlling precedent. The Court need not and does not address this issue.